UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 9, 2020

LETTER TO COUNSEL:

RE: *Sandra H. v. Andrew M. Saul, Commissioner of Social Security*[1]
Civil No. TJS-19-0578

Dear Counsel:

On February 25, 2019, Plaintiff Sandra H.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 11 & 14.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for DIB and SSI, Sandra H. alleged a disability onset date of October 12, 2015. (Tr. 39.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on October 25, 2017 (Tr. 340-85), and the ALJ found that Sandra H. was not disabled under the Social Security Act (Tr. 39-48). The Appeals Council denied Sandra H.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Sandra H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Sandra H. had not engaged in substantial gainful activity since October 12, 2015. (Tr. 42.) At step two, the

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On November 18, 2019, the case was reassigned to Magistrate Judge Deborah L. Boardman. On December 31, 2019, the case was reassigned to me.

ALJ found that Sandra H. suffered from the following severe impairments: degenerative disc disease of the lumbar spine and obesity (*Id.*) At step three, the ALJ found that Sandra H.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 43.) The ALJ determined that Sandra H. retained the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently; sit for six hours; and stand/walk for two hours. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but should never climb ladders, ropes, or scaffolds.

(Tr. 44.)

At step four, the ALJ determined that Sandra H. was capable of performing past relevant work as a telephone answering service operator. (Tr. 47.) Accordingly, the ALJ concluded that the was not disabled under the Social Security Act. (*Id.*)

Sandra H. presents three arguments in this appeal: (1) that the Appeals Council improperly denied her request for review based on evidence that she claims was both new and material; (2) that the ALJ erred in finding that Sandra H.'s past work included work as a telephone answering service operator; and (3) that Sandra H.'s work for the Maryland Comptroller's Office was an unsuccessful work attempt. The Court will address these arguments in turn.

Sandra H. first argues that remand is required in light of the evidence she submitted to the Appeals Council, but that was not considered by the ALJ. (ECF No. 11-1 at 7-8.) She points to three "PHQ-9 depression screening tests" that Dr. Gento performed on her. (*Id.* at 7.) She argues that these tests are "objective findings" that substantiate her mental impairment. (*Id.*) She notes that "all three PHQ-9 tests were performed before the ALJ's decision," and that they were all submitted at the Appeals Council level. (*Id.* at 7-8.) She argues that the Appeals Council should have concluded that the test results demonstrate that she has a severe mental impairment, and that she "would likely be limited to unskilled work." (*Id.* at 8.)

In its decision denying Sandra H.'s request for review, the Appeals Council addressed the evidence submitted by Sandra H. and concluded that it did not provide a basis for granting the requested review because it did not "show a reasonable probability that it would change the outcome" of the ALJ's decision. (Tr. 2.) The Court has reviewed the evidence that Sandra H. submitted to the Appeals Council and concludes that the ALJ's decision is supported by substantial evidence, even considering this new evidence. The ALJ properly concluded that Sandra H.'s mental impairment of affective disorder did "not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (Tr. 42.) In reaching this conclusion, the ALJ explained that Sandra H. had only mild limitations in the four broad areas of mental functioning. (*Id.* at 42-43.) Among other evidence, the ALJ considered a Function Report, treatment records that contained mental status examinations, and Sandra H.'s hearing testimony. The ALJ also addressed the opinions of Dr. Gento, giving them partial weight "as they are inconsistent with each other as well as with the overall evidence of record." (Tr. 46.)

In addition to noting the internal inconsistencies of Dr. Gento's opinion, the ALJ made note of his "minimal treating relationship" with Sandra H. and her denial of "any current mental health treatment or medication." (*Id.*) Finally, the ALJ noted that Dr. Gento's opinions were overly restrictive because they were "inconsistent with the claimant's extensive mental activities of daily living, including playing videogames, reading novels, going to dinner with friends, managing her finances, and shopping in stores." (*Id.*) Even considering the evidence that Sandra H. submitted to the Appeals Council, the Court concludes that the ALJ's finding that her mental impairment is non-severe is supported by substantial evidence.

Next, Sandra H. argues that the ALJ erroneously concluded that she had past relevant work as a telephone answering service operator. (ECF No. 11-1 at 8-9.) She argues that although she has stated that she was a "call representative" and a "phone representative" who "responded to tax questions about taxes," the job actually entailed "answering tax questions not just phones." (ECF No. 11-1 at 3, 8.) Sandra H. testified that her job with the Comptroller of Maryland entailed "sitting, phones. Getting information from clients that . . . called in . . . about their taxes." (Tr. 356.) Sandra H. helped callers who had questions about "why their tax return hadn't come in" and helped them "do a tax form over the phone." (Tr. 357.) According to Sandra H., the work she performed was "completely different" from that identified by the ALJ and the VE. (ECF No. 11-1 at 8.)

The ALJ made no error here. In the written decision, the ALJ summarized Sandra H.'s past work "as a telephone answering service operator from January to October 2015. She answered phones and got information from clients who called in regarding their taxes." (Tr. 47.) Further, a comparison of the description of the job provided by the Dictionary of Occupational Titles with Sandra H.'s description of the job reveals their similarity. In addition, Sandra H.'s representative at the hearing voiced no objection "to either the classification of the past work or the consideration of any of the jobs at the hearing." (Tr. 47.) The ALJ properly relied on the testimony provided by the VE and by Sandra H. to conclude that she had past relevant work as a telephone answering service operator. Because this finding is supported by substantial evidence, Sandra H.'s argument to the contrary must be rejected.

Sandra H.'s third argument is that her past work with the Comptroller of Maryland should have been classified as an unsuccessful work attempt, and not as substantial gainful activity that could be considered past relevant work. (ECF No. 11-1 at 9-10.) In support of this argument, she notes that she worked at the job from January through October 2015. (*Id.* at 9.) She asserts that this work cannot be considered substantial gainful activity because, even if her average earnings for the total course of the job exceeded the limit for substantial gainful activity in 2015, "there are only two quarters, the second and third in which [she] made substantial gainful activity." (*Id.*)

The Court is not persuaded by this argument. Sandra H.'s work with the Comptroller of Maryland as a telephone answering service operator was done within the past 15 years, produced earnings sufficient to qualify it as substantial gainful activity, and lasted long enough for her to have learned to do it. *See* 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Sandra H. worked at this job for about 10 months and earned a total of $11,495.00. The ALJ properly found that "[a]veraged out over 10 months, the claimant earned $1,149.50 per month, which exceeds the 2015 substantial

gainful activity level of $1,090 per month." (*Id.*) The ALJ's finding at step four is supported by substantial evidence.

For the reasons set forth herein, Sandra H.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                   Sincerely yours,

                                                   /s/
                                               Timothy J. Sullivan
                                               United States Magistrate Judge